# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12-cv-9145 | **DATE** | 2/7/13 |
| **CASE TITLE** | United States of America v. Amen Jumah | | |

**DOCKET ENTRY TEXT**

Petitioner filed a motion to vacate, set aside, and correct an illegal sentence, pursuant to 28 U.S.C. § 2255. After filing his petition, Petitioner also moved for release from custody prior to any hearing on his § 2255 petition. More recently, Petitioner filed an "Emergency *Ex Parte* Motion for Facts Finding of Illegal Imprisoned [sic] of Amen Jumah." For the reasons stated below, Petitioner's Section 2255 Petition [1] is denied; and, accordingly, Petitioner's Motions [3, 11] are denied as moot. No appearance is necessary on February 12, 2013. See statement below.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On November 14, 2012, Petitioner Amen Jumah filed a petition to vacate his criminal sentence and conviction pursuant to 28 U.S.C. § 2255. Jumah argues that a host of errors committed by his counsel, the counsel for the United States Government, and this Court result in his right to have his sentence and conviction vacated and set aside. (Petition at 25.) Jumah further requests "this court to hold a hearing and invite all counsels on records of this case since 2004 through today, for them to testify about there [sic] services . . . ." Additionally, Jumah seeks to be released from custody in advance of this proposed hearing [3].

In March 2004, Jumah was charged with possessing and distributing 1,016 pseudoephedrine tablets, knowing and having reason to believe the tablets would be used to produce methamphetamine. The case went to trial in 2006, and Jumah's "primary defense was that he was acting under public authority when he committed the acts giving rise to the charge," because he was a confidential source for the Drug Enforcement Administration. *United States v. Jumah*, 493 F.3d 868, 870 (7th Cir. 2007). Jumah was convicted but was granted a new trial by the district court, primarily due to the Court's improper application of a jury instruction regarding his public-authority defense. *Id.* The Government's motion to reconsider Jumah's motion for a new trial was denied. *Id.* at 873. On appeal, the Seventh Circuit held that it was plain error for this District Court to grant Jumah a new trial; the District Court's decision to grant a new trial was reversed and remanded with instructions to reinstate the jury verdict. *Id.* at 878-89.

Following this remand, the District Court sentenced Jumah to 151 months' imprisonment, calculating Jumah's Sentencing Guidelines range based on the gross weight of the pills Jumah possessed, rather than the weight of the pure drugs contained therein. *United States v. Jumah*, 599 F.3d 799, 807 (7th Cir. 2010). The Seventh Circuit reversed this sentencing in part and remanded the case to the District Court for resentencing based on the weight of the pure drugs within the pseudoephedrine tablets. *Id.* at 814. Jumah was

resentenced, on October 13, 2010, to a term of 97 months' imprisonment. *United States v. Jumah*, 04-cr-237, Dkt. No. 242. Jumah's counsel at his re-sentencing raised the issue of a Rule 35(b) motion and hearing, but Jumah's counsel acknowledged that such a motion should first be discussed with the Government. *United States v. Jumah*, 04-cr-237, Dkt. No. 271. Judgment on the sentence was docketed on October 20, 2010. Jumah filed a *pro se* Notice of Appeal on October 27, 2010, and also appealed the District Court's denial of his other *pro se* motions on November 19, 2010. These appeals were consolidated; and, on August 15, 2011, the Seventh Circuit dismissed Jumah's appeal regarding the Government's refusal to file a reduction motion and denied the issuance of a certificate of appealability regarding the District Court's other decision, which denied multiple other *pro se* motions by Jumah. *United States v. Jumah*, 431 Fed. App'x 494 (7th Cir. 2011).

Now, Jumah seeks relief under 28 U.S.C. § 2255. According to the Bureau of Prisons' website, Jumah was released on February 1, 2013. According to the U.S. Immigration and Customs Enforcement's website, however, Jumah is being detained in Essex County Jail on an immigration detainer.

Jumah's § 2255 petition is untimely and, therefore, barred. Under § 2255, a petition for collateral relief must be filed within one year from the latest of four events: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

On August 16, 2011, the Seventh Circuit's dismissal of Jumah's most recent appeal was entered on the docket, establishing the date of final judgment. *See United States v. Jumah*, 04-cr-237, Dkt. Nos. 279, 280. Thus, Jumah had one year from August 16, 2011, to seek relief from final judgment under 28 U.S.C. § 2255(f)(1). Jumah did not file his § 2255 petition until November 14, 2012, nearly three months after the one-year statute of limitations had lapsed. Jumah's failure to file a timely petition results in his application for *habeas corpus* relief being barred. Moreover, Jumah is not entitled to equitable tolling of the statute of limitations. Equitable tolling is "reserved for '[e]xtraordinary circumstances far beyond the litigant's control [that] . . . prevented timely filing.'" *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004). Seeing no circumstances to justify Jumah's untimely filing such that the statute of limitations is tolled, Jumah's petition for relief pursuant to 28 U.S.C. § 2255 is denied.

As Jumah's petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2255 is denied, Jumah's outstanding motions regarding his pre-trial hearing release and his emergency *ex parte* motion [3, 11] are denied as moot.